UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILIP LANCE CALLIS,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH M. SCHULER,<br>ANN ELIZABETH CALLIS,<br>MARK C GOLDENBERG,<br>GOLDENBERG HELLER & ANTOGNOLI, P.C.,<br>HOLLAND LAW FIRM, LLC,<br>ESTATE OF JAMES "JIM" HALLORAN,<br>DIANE WILLIAMS,<br>ROYAL BANKS OF MISSOURI,<br>CITY OF GRANITE CITY, ILLINOIS,<br>MICHAEL PARKINSON,<br>MATTHEW J. ROSSITER,<br>LATHROP GPM LLP,<br>KARL BORGSMILLER,<br>CAPES, SOKOL, GOODMAN & SARACHAN, P.C., and<br>JOHN/JANE DOES 1-20,<br><br>Defendants. | Case No. 26-cv-00735-JPG |

**ORDER FOR SERVICE**

This case is before the Court on Plaintiff Philip Lance Callis's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) and Response to Order to Show Cause (Doc. 13).

## I. ANALYSIS

A. Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2):

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. *Id.* § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is

whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to proceed *in forma pauperis*, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit that he is indigent. The Court will consider each of his claims separately below to determine whether his claims are frivolous, malicious, or fail to state a claim.

*i. Count 1 – Civil RICO:*

Plaintiff fails to state a civil RICO claim. To state a civil RICO claim, a plaintiff must plead facts to plausibly suggest "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 588 (7th Cir. 2017) (internal citation omitted). A "pattern of racketeering activity" is defined to require at least two predicate acts. *See* 18 U.S.C. § 1961(5); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 779 (7th Cir. 1994). Predicate acts are listed in 18 U.S.C. § 1961(1). If a civil RICO claim is based on predicate acts involving fraud, Rule 9(b) requires the circumstances of that fraud to be pleaded with particularity, which means the plaintiff must allege who made the communication, the time, place, and content of the communication, and the method by which the communication was made. *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). Here, Plaintiff alleges three predicate acts—mail fraud, wire fraud, and bank fraud. But he fails to plead those predicate acts

with the particularly required by Rule 9(b). Accordingly, the Court will dismiss Count 1 without prejudice.

*ii. Count 2 – Civil RICO Conspiracy:*

Plaintiff also fails to state a civil RICO conspiracy claim. To commit a civil RICO conspiracy, the alleged conspirators must agree "to conduct or participate in the affairs of an enterprise [or to acquire or maintain any interest in or control of any enterprise] through a pattern of racketeering activity. *Gagan v. Am. Cablevision, Inc.*, 77 F.3d 951, 961 (7th Cir. 1996) (quoting *United States v. Neapolitan*, 791 F.2d 489, 498 (7th Cir. 1986)). Because the predicate acts, as pleaded, do not amount to a pattern of racketeering activity, any agreement to commit those acts cannot establish a RICO conspiracy. Thus, the Court will dismiss Count 2 without prejudice.

*iii. Count 3 – First Amendment Retaliation:*

The First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people . . . to petition the Government for a redress of grievances." U.S. CONST. amend. I. The Due Process Clause of the Fourteenth Amendment makes the First Amendment guarantees applicable to the states. *Gitlow v. New York*, 268 U.S. 652, 666 (1925). To state a claim for retaliation, a plaintiff must allege that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009) (quoting *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)). A complaint states a claim for retaliation when it sets forth "a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir.

1988); *Murphy v. Lane*, 833 F.2d 106, 108–09 (7th Cir. 1987). The Court will allow Count 3 to proceed against Parkinson but will dismiss this claim against the City because it is duplicative of Count 5.

*iv. Count 4 – Equal Protection (Class of One):*

The Equal Protection Clause of the Fourteenth Amendment forbids any state to "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. Essentially, the clause guarantees "a right to be free from invidious discrimination in statutory classifications and other governmental activity." *Harris v. McRae*, 448 U.S. 297, 322 (1980). To state a class-of-one claim, an individual must allege that she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Swanson v. City of Chetek*, 719 F.3d 780, 783–84 (7th Cir. 2013) (quoting *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). The Court will allow Count 4 to proceed against Parkinson. It will, however, dismiss his "class-of-one" claims against Schuler and the City. Plaintiff has not alleged that Schuler, while acting under color of state law, intentionally treated him differently from others similarly situated. Rather, he identifies Schuler as the similarly situated individual from whom he was treated differently. His claim against the City is duplicative of Count 5.

*v. Count 5 – Monell Municipal Liability:*

A municipality may not be held vicariously liable for the actions of its employees under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978). It may be liable, however, for its own actions as a municipality. *Id.* at 690–92. A municipal action occurs where (1) the municipality had an express policy calling for a constitutional violation, (2) the municipality had a widespread practice of constitutional violations

that was so permanent and well settled as to constitute a custom or usage with the force of law, or (3) if a person with final policymaking authority for the municipality caused the constitutional violation. *Id.* at 694. And the policy, custom, or decision must be the moving force behind the constitutional violation. *Id.* The Court will allow Count 5 to proceed against the City.

*vi. Count 6 – Conspiracy to Interfere with Civil Rights:*

Plaintiff fails to state a claim under 42 U.S.C. § 1985(3) for conspiracy to deprive him of equal protection of the laws or of equal privileges and immunities. To plead a civil conspiracy under § 1985, a plaintiff must allege facts plausibly suggesting "an actual conspiracy existed (in other words, that people agreed to injure him), that its purpose was to deprive [the plaintiff] of his constitutional rights, that an act was committed in furtherance of the conspiracy, and that he was injured." *Alexander v. City of South Bend*, 433 F.3d 550, 556–57 (7th Cir. 2006). Plaintiff does not plausibly allege that Schuler, Parkinson, Ann Callis, Goldenberg, and Wallace reached an agreement, the purpose of which was to deprive him of his constitutional rights. As such, he fails to state a claim under § 1985(3), and the Court will dismiss Count 6 without prejudice.

*vii. Count 7 – Neglect to Prevent:*

Plaintiff fails to state a claim for under 42 U.S.C. § 1986 for neglect to prevent conspiracy. "Section 1986 provides for liability for an individual who knows that actions prohibited by Section 1985 are about to occur, and with 'reasonable diligence could have prevented' them, but either neglected or refused to do so." *Tillman v. Burge*, 813 F. Supp. 2d 946, 977 (N.D. Ill. 2011) (quoting 42 U.S.C. § 1986)). Since Plaintiff has not pleaded a viable § 1985 conspiracy, he also cannot plead a violation of § 1986. Accordingly, the Court will dismiss Count 7 without prejudice.

*viii. Count 8 – Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act:*

Plaintiff fails to state a claim under the ADA and the Rehabilitation Act. The ADA and the Rehabilitation Act "generally prohibit discriminating based on disability in public programs." *Zimny v. Geneva Cmty. Unit Sch. Dist. 304*, 718 F. Supp. 3d 766, 781 (N.D. Ill. 2004). To state a claim under the ADA, a plaintiff must allege that: (1) he is a qualified individual with a disability; (2) he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by a public entity; and (3) the denial or discrimination was because of his disability. *Id.* at 782. Section 504 of the Rehabilitation Act requires the plaintiff to plead an additional requirement: the defendant is an entity that receives federal funds. Plaintiff fails to allege a specific disability from which he suffered at the time of the alleged discriminatory act or explain how that condition qualifies as a disability under the ADA. He also does not identify any public service, program, or activity from which he was excluded or whose benefits he was denied because of his disability. The Court will therefore dismiss Count 8 without prejudice.

*ix. Count 9 – Financial Exploitation of a Disabled Adult:*

Plaintiff fails to state a claim under 720 ILCS 5/17-56 for financial exploitation of a disabled adult. Section 5/17-56 criminalizes the financial exploitation of a person with a disability and provides a private right of action for a person who is the victim of such exploitation. The statute provides:

> (a) A person commits financial exploitation of an elderly person or a person with a disability when he or she stands in a position of trust or confidence with the elderly person or a person with a disability and he or she knowingly:
>
> > (1) by deception or intimidation obtains control over the property of an elderly person or a person with a disability; or
> >
> > (2) illegally uses the assets or resources of an elderly person or a person with a disability.

720 ILCS 5/17-56(a). It defines "[p]erson with a disability" as "a person who suffers from a physical or mental impairment resulting from disease, injury, functional disorder or congenital condition that impairs the individual's mental or physical ability to independently manage his or her property or financial resources, or both." 720 ILCS 5/17-56(c)(2). Plaintiff has not plausibly alleged that he has a condition that impairs his ability to manage his property or financial resources. As such, the Court will dismiss Count 9 without prejudice.

*x. Count 10 – Breach of Fiduciary Duty:*

To state a claim for breach of fiduciary duty under Illinois law, a plaintiff must plead the existence of a fiduciary duty, a breach of that duty, and resulting damages. *LaSalle Bank Lake View v. Seguban*, 937 F. Supp. 1309, 1324 (N.D. Ill. 1996). The Court will allow this claim to proceed against Schuler and Ann Callis. It will, however, dismiss this claim with respect to Goldenberg because Plaintiff has not plausibly alleged that Goldenberg, as the lawyer who established the trust, owed Plaintiff any fiduciary duty.

*xi. Count 11 – Aiding and Abetting Breach of Fiduciary Duty:*

Plaintiff fails to state a claim for aiding and abetting breach of fiduciary duty. In Illinois, to state a claim for aiding and abetting a breach of fiduciary duty, a plaintiff must allege that:

> (1) the party whom the defendant aids must perform a wrongful act which causes an injury; (2) the defendant must be generally aware of his role as part of the overall or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation.

*Kroll v. Cozen O'Connor*, No. 19 C 3919, 2020 WL 919005, at *5 (N.D. Ill. Feb. 26, 2020) (quoting *Wolf v. Liberis*, 505 N.E.2d 1202, 1208 (Ill. App. Ct. 1987)). The term "'knowingly' implies that the act was performed consciously, intelligently, and with actual knowledge of the facts." *People v. Edge*, 94 N.E.2d 359, 361 (Ill. 1950). Plaintiff has not plausibly alleged that Royal

Banks, Borgsmiller, Capes Sokol, or Holland Law Firm knowingly and substantially assisted Schuler or Ann Callis in breaching their fiduciary duties. Thus, the Court will dismiss Count 11 without prejudice.

*xii. Count 12 – Conversion:*

"A conversion is any unauthorized act that deprives a person of his or her property permanently or for an indefinite time." *Colonial Funding, LLC v. Am. Empire Surplus Lines Ins. Co.*, 719 N.E.2d 1098, 1100 (Ill. App. Ct. 1999). The elements of a cause of action for conversion are (1) an unauthorized and wrongful assumption of control, dominion, or ownership by a defendant over the plaintiff's personal property; (2) the plaintiff's right in the property; (3) the plaintiff's right to immediate possession of the property, absolutely or unconditionally; and (4) the plaintiff's demand for possession of the property. *Id.* Conversion is an intentional tort because it requires "an intentional exercise of dominion or control over a chattel." *Martel Enters. v. City of Chicago*, 584 N.E.2d 157, 159 (Ill. App. Ct. 1991). It does not require proof of malice, culpability, conscious wrongdoing, or an intent to interfere with the rights of others. *Id.* at 159–60. The Court will allow Count 12 to proceed against Schuler and Ann Callis. However, it will dismiss this claim against Royal Banks because the fact that it facilitated bank transactions is insufficient to plausibly allege that it exercised unauthorized and wrongful control, dominion, or ownership over Plaintiff's property.

*xiii. Count 13 – Civil Conspiracy:*

To state a claim for civil conspiracy, a plaintiff must allege: "(1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the

conspirators committed an overt tortious or unlawful act." *Fritz v. Johnston*, 807 N.E.2d 461, 470 (Ill. 2004). If a plaintiff has no independent cause of action underlying his conspiracy claim, the conspiracy claim cannot proceed. *Thomas v. Fuerst*, 803 N.E.2d 619, 626 (Ill. App. Ct. 2004). The Court will allow Count 13 to proceed against Schuler and Ann Callis to the extent that it is based on underlying claims for breach of fiduciary duty or conversion. It will dismiss Count 13 as to all other defendants because there are no other independent causes of action to support the conspiracy claim.[1]

*xiv. Count 14 – Constructive Trust and Accounting:*

Constructive trust and accounting are not independent causes of action; rather, they are equitable remedies. *See In re Mississippi Valley Livestock, Inc.*, 745 F.3d 299, 304 (7th Cir. 2014); *In re Mexico Money Transfer Litig. (Western Union and Valuta)*, 164 F. Supp. 2d 1002, 1017 (N.D. Ill. 2000). Accordingly, the Court will dismiss Count 14 as a separate claim and will construe the requested constructive trust and accounting as prayers for equitable relief in connection with Plaintiff's other claims.

*xv. Count 15 – Declaratory Judgment:*

Declaratory judgment is not, in and of itself, an independent claim. *See In re Brinson*, 485 B.R. 890, 904 (Bankr. N.D. Ill. 2013); *Wagner-Meinert Eng'g, LLC v. TJW Indus., Inc.*, 587 F. Supp. 3d 744, 752 (N.D. Ind. 2022). Therefore, the Court will dismiss Count 15 as a separate claim and treat it as a prayer for declaratory and injunctive relief as to Plaintiff's other claims.

B. Response to Order to Show Cause (Doc. 13):

---

[1] The Court acknowledges that claims remain against Parkinson and the City, but those claims are based on constitutional violations by a single official and do not allege concerted action among the defendants sufficient to support a conspiracy claim.

In its August 26, 2026, Order to Show Cause, the Court noted that Plaintiff's third amended complaint describes two distinct sets of claims and stated that these claims appear to be misjoined under Federal Rule of Civil Procedure 20. The Court ordered Plaintiff to show cause, on or before September 25, 2026, why the claims should not be severed into two separate cases. Plaintiff timely responded to the order to show cause. He states that joinder of all Defendants in a single action is proper because the claims arise out of the same continuous series of transactions. He further states that severing the claims into two separate federal lawsuits would force him to pay multiple filing fees, duplicate voluminous discovery, and suffer fatal procedural prejudice. His response also requests an exemption from local formatting requirements and appointment of counsel.

At this stage, the Court will allow all the remaining claims to proceed in this case. Once Defendants have appeared in this action, they may file a motion to sever these claims. The Court may also *sua sponte* revisit this ruling later in the litigation.

The Court will accept the Response to the Order to Show Cause as filed. However, it will not grant Plaintiff a blanket exemption from the Local Rules. Plaintiff is free to request an exemption on a case-by-case basis.

The Court declines to appoint Plaintiff counsel at this stage. The Court just conducted its preliminary review of the complaint under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), and none of the Defendants have been served. Given the early stage of this litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel. . . cannot be gauged."). Once the remaining Defendants have filed their answer, Plaintiff may file a new motion.

## II. CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) as to: Count 3 against Parkinson; Count 4 against Parkinson; Count 5 against the City; Count 10 against Schuler and Ann Callis; Count 12 against Schuler and Ann Callis; and Count 13 against Schuler and Ann Callis;

- **DISMISSES** all other claims **without prejudice**;

- **ACCEPTS** Plaintiff's Response to Order to Show Cause (Doc. 13) as filed; and

- **DENIES** Plaintiff's requests for a blanket exemption from the Local Rules and for appointment of counsel (Doc. 13).

Since Plaintiff has been granted leave to proceed *in forma pauperis*, the Court must order service of process by a United States Marshal or Deputy Marshal or other specially appointed person. FED. R. CIV P. 4(c)(3), 28 U.S.C. § 1915(d).

The Court **DIRECTS** the Clerk of Court to send Plaintiff a sufficient number of blank summons forms and USM-285 forms along with this order. If Plaintiff wishes the United States Marshals Service to serve process in this case, the Court **DIRECTS** Plaintiff to provide to the United States Marshals Service the summonses issued in this case, the appropriately completed USM-285 forms, and sufficient copies of the third amended complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from Plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of the summons, third amended complaint, and this order upon Defendants Joseph M. Schuler, Ann Elizabeth Callis, City of Granite City, Illinois, and Michael Parkinson in any manner consistent with Federal Rule of Civil Procedure 4, as directed by Plaintiff. Costs of service shall be borne by the United States.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a change in address occurs. SDIL-LR 3.1(b)(2). Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED**: **October 5, 2026**

**J. PHIL GILBERT**
**United States District Judge**